**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO**

| | |
|---|---|
| JESSICA REYNOLDS, Individually and on behalf of others similarly situated, 345 Granville Street Newark Ohio 43055<br><br>Plaintiff,<br><br>vs.<br><br>AIR LINE PILOTS ASSOCIATION, INTERNATIONAL 7950 Jones Branch Drive, Suite 400S McLean, VA 22102,<br><br>Defendant. | **CLASS ACTION COMPLAINT** **(Jury Trial Requested)**<br><br>Case No.: _____<br><br>Honorable _____ |

Plaintiff Jessica Reynolds, on behalf of herself and all persons similarly situated, hereby states the following:

**INTRODUCTION**

1. Plaintiff is a pilot employed by United Airlines, Inc. ("United"). She was a dues-paying member in good standing and represented exclusively by her labor union, the Air Line Pilots Association, International ("ALPA"). Plaintiff has been on Long Term Disability since September of 2017.

2. Plaintiff is pursuing claims as a class action on behalf of herself and other similarly situated United pilots against ALPA, and seeks injunctive relief and damages.

3.       The claims asserted herein arise from the Collective Bargaining Agreement reached between United and ALPA, ratified and made effective September 29, 2023 (the "2023 CBA").[1]

4.       The 2023 CBA added more than ten billion dollars in value to the existing CBA,[2] and cumulative increases of 34.5% to 40.2% in increased pay.[3] The 2023 CBA also included massive increases in benefits for pilots eligible for Long Term Disability ("LTD") on or after the 2023 CBA's September 29, 2023 effective date, as well as a number of pilots previously on LTD for long COVID, but obtained zero benefits for pilots like Plaintiff who were already on LTD for other disabilities. This failure by ALPA was not an oversight, mere negligence or the unfortunate result of hard-fought negotiations with United, but rather the result of ALPA's utter disregard for Plaintiff and the Class members. ALPA representatives repeatedly ignored, rebuffed, misled, and lied to the dozens of pilots and local union representatives who requested or proposed increases in benefits for these disabled pilots. Ultimately, ALPA failed to represent these disabled members, even though they arbitrarily negotiated and obtained these enhanced benefits for pilots on LTD for other medical reasons, i.e. long COVID. Plaintiff now brings a claim for breach of the duty of fair representation as provided for by the provisions of the Railway Labor Act, 45 U.S.C.A. § 151, *et seq.* (the "RLA").

---

[1] Attached hereto as Exhibit A.
[2] According to a press release on ALPA's website. Https://www.alpa.org/news-and-events/news-room/2023-09-29-united-airlines-pilots-approve-new-contract#:~:text=The%20contract%20is%20effective%20on,amendable%20on%20September%2030%2C%202027.&text=Founded%20in%201931%2C%20ALPA%20is,follow%20us%20on%20Twitter%20%40ALPAPilots. (last accessed March 14, 2024).
[3] See https://www.reuters.com/business/aerospace-defense/united-airlines-pilots-accept-new-labor-contract-2023-09-29/ (last accessed March 14, 2024).

## JURISDICTION & VENUE

5. Plaintiff's claims arise under the provisions of the Railway Labor Act, 45 U.S.C.A. § 151-188, a federal statute regulating interstate commerce, and accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337.

6. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) because Plaintiff Jessica Reynolds resides in this district.

## PARTIES

7. Plaintiff Jessica Reynolds ("Reynolds"or "Plaintiff") is a natural person residing in Newark, Ohio.

8. At all relevant times, Plaintiff was a pilot employed by United and exclusively represented by ALPA.

9. Defendant ALPA is an unincorporated association and labor organization maintaining its headquarters in Virginia.

10. At all relevant times, ALPA was the certified collective bargaining representative for Plaintiff and all Class members.

## FACTS

11. Defendant ALPA is the labor organization that represents United Airlines pilots, and is the exclusive bargaining representative for more than 16,000 of its members.

12. Plaintiff Jessica Reynolds was hired by United as a pilot in March of 1989 and since that time has been represented by ALPA.

13. During that time, Plaintiff participated in United's optional LTD trust (the "Trust"), which was the benefits plan negotiated between United and ALPA for pilots who become disabled and are unable to be medically cleared to fly.

14. Due to medical issues, Plaintiff was placed onto LTD as of September 2017.

15. Under the terms of the previous Collective Bargaining Agreement, effective as of June 13, 2012, United pilots on LTD were eligible for benefit payments from the Trust of up to $8,000 per month, with the actual benefit amounts determined by factors including salary, longevity with United, and seat position in the cockpit.

16. Plaintiff received the maximum of $8,000 monthly under the prior Collective Bargaining Agreement.

17. On September 28, 2020, ALPA and United signed a Letter of Agreement (the "LOA")[4] that, among other items, increased the maximum amount of benefits certain pilots on LTD could receive to $11,000 monthly; specifically, the increased benefits only applied to pilots whose date of disability occurred on or after October of 2021. See LOA, Exhibit B, at pg. 18.

18. Around that time and thereafter, Plaintiff and other United pilots already on LTD (who were therefore not eligible for the LOA increase) raised concerns that they had been left out of the LOA's increased benefits. Those pilots, including Plaintiff, were reassured by ALPA representatives that the LOA was only temporary, and that they would be included in whatever LTD increases would be negotiated in the new 2023 CBA. But this turned out to be a lie.

19. Despite touting the 2023 CBA as "industry leading" and "groundbreaking," ALPA failed to make good on its promises and the 2023 CBA utterly failed to protect some of ALPA's most vulnerable – those with recognized disabilities on LTD.

20. The 2023 CBA went into effect on September 29, 2023, with an expiration date of September 30, 2027. The increased LTD benefits achieved under the 2023 CBA only applied for pilots whose date of disability is on or after the ratification date of September 29, 2023. See 2023

---

[4] Attached hereto as Exhibit B.

CBA, pg. 396. Pilots like Plaintiff who were already on LTD are ineligible for any of the increased benefits for the remainder of the CBA term.

21. The 2023 CBA improvements to LTD benefits included increases to the maximum monthly LTD benefits, beginning at $13,521.40 and scaling up per year, with a potential maximum monthly benefit of $15,975.14. See, 2023 CBA pg. 397. In contrast, Plaintiff and the putative class members are forever maxed out at a monthly benefit of up to $8,000.00 or $11,000. Further, the 2023 CBA also created[5] a Market Based Cash Benefits Plan ("MBCBP") that provides for monthly mandatory contributions from United for pilots on LTD, whereas the prior CBA did not.

22. ALPA's failure to negotiate for Plaintiff and other pilots already on LTD at the time of the 2023 CBA's effective date with the additional LTD benefits was arbitrary, discriminatory and irrational for multiple reasons.

23. Plaintiff and the putative class members have significant need for the increase in monthly benefits and other retirement payments. For many pilots on LTD, their disability is a death sentence for their career, and they are unable to return to their job as a pilot. They are completely dependent upon the LTD benefits for their basic needs, as well as medical bills, hospital stays and any other accompanying costs (which are all getting more expensive with inflation) all the while being capped perpetually at a static monthly payment.

24. LTD pilots' need for the increased LTD benefits provided by the 2023 CBA is the same, regardless of whether they went on LTD on or before September 29, 2023. In other words, there is no reason why a pilot on LTD on September 28, 2023 has any less of a need for increased LTD benefits than a pilot who went on LTD on September 29, 2023. There is no logical reason to provide a pilot on LTD as of September 28, 2023 up to $8,000 or $11,000 in monthly benefits, but

---

[5] Pending IRS approval. See Exhibit A, pgs. 340; 397

provide a pilot on LTD as of September 29, 2023 thousands of dollars more per month, with an added MBCBP benefit.

25. In fact, pilots on LTD prior to September 29, 2023 actually have *more* of a need for the increase in benefits, making the decision to exclude such pilots all the more irrational and discriminatory:

   a. First, such pilots have been unable to work for longer periods of time (for example, Plaintiff has been unable to work since September 2017) than those who go on LTD on or after September 29, 2023, thus they have been earning less money for longer periods of time;

   b. Second, such pilots also were required to pay a higher percentage in contributions to participate in the LTD plan. Prior to September 29, 2023, those pilots wishing to participate in the LTD plan, in the event they should become eligible for LTD, had to pay 35% of the monthly contributions (United paid the remainder). After September 29, 2023, the monthly contributions for pilots dropped to 25%.

   c. Finally, prior to September 29, 2023, pilots on LTD had a 90-day waiting period for LTD benefits and would not be paid during this time (if they did not otherwise have sick time or vacation); on or post September 29, 2023, the waiting period is only 60 days. Under the 2023 CBA, pilots going on LTD also receive additional pay to tide them over during the waiting period.

   d. In sum, the pilots who were on LTD prior to September 29, 2023 have greater need for additional benefits; and yet, while they paid a ***higher*** percentage of

their contributions into the Trust to be able to receive LTD benefits, the LTD benefits they are receiving are far inferior.

26. Further, ALPA exempted roughly 25 of the 700 pilots like Plaintiff, who were on LTD as of September 28, 2023, and allowed these persons to be part of the LTD benefits provided by the 2023 CBA.[6] These 25 persons were on LTD due to long COVID. It is arbitrary to allow some LTD pilots on the plan, but not others, based on the type of medical disability they are experiencing. None of them are allowed to fly. All of them are on disability leave. All have the need for LTD benefits. The cause of disability is simply irrelevant, and this preferential treatment towards those with a particular illness and discriminatory treatment against those with other illnesses is irrational at best and bad faith at worst.

27. Finally, there was no legal or factual reason why ALPA could not bargain for those on LTD to be eligible for the improved benefits provided by the 2023 CBA. This was demonstrated by the fact that ALPA bargained eligibility rights for those pilots already on LTD due to long COVID.

28. After promising to include the LTD pilots after failing to include them in the LOA in 2020, ALPA's failure to bargain for Plaintiff and other LTD pilots to be part of the improved benefits provided by the 2023 CBA was also discriminatory and/or in bad faith.

29. The failure to negotiate for such pilots was intentional, not related to any legitimate union objective, and only serves to cause extreme ongoing hardship to Plaintiff and the putative class members, as described above.

---

[6] See Long Haul COVID Settlement Agreement, attached hereto as Exhibit C.

30. The failure to negotiate for such pilots was part of a concerted effort to exclude such pilots from these benefits, as was demonstrated by the response from ALPA, when Plaintiff and those in her situation pushed to be included. The response from ALPA included:

   a. falsely telling the LTD pilots it was not permissible to give them the benefits (even though long COVID LTD pilots were included);

   b. falsely telling the LTD pilots it was too late in the negotiations to include them in the 2023 CBA (again, even though long COVID LTD pilots were included; further, the LTD pilots began raising the issue in 2020, three years prior to the 2023 CBA's ratification, and ALPA falsely told them they would be included);

   c. ALPA representatives falsely told the LTD pilots there was nothing they could do and continued to ignore the LTD pilots' requests for increased benefits.

## CLASS ACTION ALLEGATIONS

31. Plaintiff incorporates all previous paragraphs as if fully re-written herein.

32. Plaintiff brings this lawsuit individually and on behalf of a class pursuant to Fed. R. Civ. P. 23(b)(1) or (2).

33. The class is defined as all pilots employed by United, who were on LTD as of September 28, 2023. Those persons on LTD as of September 28, 2023 who were by separate agreement included in the additional LTD benefits of the 2023 CBA (i.e., those on LTD due to long COVID) are excluded from the proposed class. Such persons meeting the class definition and who are not otherwise excluded are referred to in this Complaint as "Class Members."

34. Upon information and belief, the Class Members number close to 700 people, thus making joinder of all members impracticable.

35. ALPA's conduct affected Plaintiff and the Class Members, and creates questions of law and fact common to all Class Members that predominate and will drive the resolution of this lawsuit. These questions include, but are not limited to:

   a. Whether ALPA owed a duty of fair representation to Plaintiff and Class Members under the RLA;

   b. Whether ALPA violated that duty by failing to negotiate for and obtain the Class Members the LTD benefits from the 2023 CBA;

   c. Whether ALPA's failure to obtain said LTD benefits was done arbitrarily, in bad faith or discriminatorily.

36. Plaintiff's claims are typical of the claims of the rest of the Class Members; she has suffered and will continue to suffer the same injuries as a result of ALPA's conduct as the rest of the Class.

37. Plaintiff has the same interests as the rest of the Class Members and will fairly and adequately protect the interests of the Class Members. Plaintiff has retained qualified counsel who are experienced in class action litigation to represent her and the Class Members.

**COUNT ONE: BREACH OF DUTY OF FAIR REPRESENTATION**

38. Plaintiff incorporates all previous paragraphs as if fully re-written herein.

39. As the exclusive collective bargaining agent of Plaintiff and the Class Members, ALPA owed them a duty of fair representation.

40. ALPA breached its duty of fair representation to Plaintiff and the Class Members by failing to negotiate for their inclusion in the LTD benefits provided for in the 2023 CBA.

41. ALPA's conduct was arbitrary, discriminatory and/or in bad faith, for the reasons described in paragraphs 11-30.

42. As a result of ALPA's conduct, Plaintiff and the Class Members have been damaged, including in the amount of the difference between the LTD benefits they would have been entitled to as part of the 2023 CBA, had they been included in such CBA, and the LTD benefits they received under the former CBA.

## **PRAYER FOR RELIEF**

WHEREFORE Plaintiff, individually and on behalf of the Class Members respectfully requests that the Court enter judgment in Plaintiff's favor and against ALPA as follows:

1. Entering an Order as soon as practicable certifying this case as a class action and appointing Plaintiff and Plaintiff's counsel as representatives for the class;

2. Entering judgment against ALPA, finding that it violated its duty of fair representation to Plaintiff and the Class Members;

3. Awarding damages to Plaintiff and the Class Members in an amount to be determined at trial;

4. Ordering an injunction requiring ALPA to negotiate with United to include Plaintiff and the Class Members in the LTD benefits provided for in the 2023 CBA or continue to be subject to damages;

5. Awarding attorneys' fees and costs as provided for by law;

6. Awarding any other damages or relief permitted by law.

Respectfully submitted,

/s/ Nicole T. Fiorelli
Nicole T. Fiorelli, Esq. (#0079204)
Patrick J. Perotti, Esq. (#0005481)
Frank A. Bartela, Esq. (#0088128)
Dworken & Bernstein Co., L.P.A.
60 South Park Place
Painesville, Ohio 44077
(440) 352-3391 // (440) 352-3469 Fax

Email: nfiorelli@dworkenlaw.com
pperotti@dworkenlaw.com
fbartela@dworkenlaw.com

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff demands a trial by jury of all claims in this Complaint so triable.

Respectfully submitted,

/s/ Nicole T. Fiorelli
Nicole T. Fiorelli, Esq. (#0079204)
Dworken & Bernstein Co., L.P.A.

*One of Attorneys for Plaintiff*